IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAIRO GUSTAVO AGUILERA SAGASTIZADO,<br>*et al.*<br><br>*Defendants.* | Case No. 1:21-cr-260-LMB |

## PROTECTIVE ORDER

This matter is before the Court on the United States' Motion for Entry of a Protective Order restricting the disclosure and dissemination of all documents, electronic records, and other materials produced by the United States to the defendants pursuant to its disclosure obligations in the above-referenced matter. These documents, electronic records, and other materials shall be labeled "PROTECTED MATERIAL" and shall be subject to the following Order:

1. The government shall disclose Protected Material to the defendants through the defendants' attorneys of record as part of its discovery obligations consistent with the Federal Rules of Criminal Procedure and relevant case law.

2. Where Protected Material is produced electronically on external media, only the external media (and not the individual electronic files) must be labeled "PROTECTED MATERIAL." The defendants' attorneys of record will be responsible for safeguarding the Protected Material.

3. If defendants' attorneys of record seek to remove any documents, electronic records, or other materials produced by the United States from the scope of this Order, the attorneys of record must:

1

    a. Notify government counsel of the specific materials sought to be removed;

    b. Allow the government reasonable time to respond, not to exceed five business days;

    c. Confer in good faith with government counsel to resolve any dispute;

    d. After conferring, government counsel will convey to defendants' attorneys of record in writing any materials that the parties agree to remove from the scope of this Order, and government counsel shall also maintain a written log of said materials;

    e. For any disputes that cannot be resolved, the parties will submit the issues requiring resolution to the Court, with both sides presenting their positions in sealed written submissions to preserve the confidentiality of the issues pending the Court's decision.

4. Access to Protected Material shall be restricted to persons authorized by this Order, namely: the defendants' attorneys of record in this case, the employees of the attorneys of record, and experts, investigators, or consultants working as part of the defense team on this case and for the purpose of preparing to defend the defendants against the charges filed in this case, including using the Protected Material at trial or any other hearings in this matter with permission from the Court; the defendants (as detailed in paragraph 8 of this Order); and other persons deemed necessary by the defendants' attorneys of record for the purpose of investigating and preparing a defense in this case (as detailed in paragraph 9 of this Order).

5. The defendants' attorneys of record may make copies/reproductions of the Protected Material for disclosure to any attorney(s), paralegal(s), legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case and for the purpose

of preparing to defend the defendants against the charges filed in this case, including using the Protected Material at trial or any other hearings in this matter with permission from the Court. However, no such disclosure of the Protected Material or copies thereof may be made unless and until the attorney(s), paralegal(s), legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case read this Protective Order and agree to be bound by its terms.

6. The defendants' attorneys of record shall securely store the Protected Material in their law offices or home offices at all times, subject to the exceptions listed herein. The Protected Material (and any copies thereof) may also be stored in the business offices or home offices (or, if secured by password-protection and/or other encryption, cloud storage) of any personnel on the defense team allowed to review the Protected Material under the terms of this Protective Order. The Protected Material shall not be stored or maintained in any other locations. Accordingly, with the exceptions of (i) transporting the Protected Material to their offices upon initial receipt; (ii) transporting the Protected Material between the law offices and the home offices of the defendants' attorneys of record; (iii) transporting the Protected Material to and from the courthouse for any court proceedings in the above-captioned case, to and from any meetings with other persons deemed necessary by the defendants' attorneys of record for the purpose of investigating and preparing a defense in this case, or to and from the jail to permit their clients to review the Protected Material; and (iv) transporting the Protected Material to the U.S. Attorney's Office after the trial and any appeal in this matter are concluded, the defendants' attorneys of record and any attorney(s), paralegal(s), legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case shall not remove the Protected Material (or any part thereof) from their respective offices.

7. The defendants' attorneys of record shall not otherwise disseminate the Protected Material, except as provided in this Order, and may not post such Protected Material to any social media or internet site, including the Court's public-filing system.

8. The defendants' attorneys of record may permit their clients to review the Protected Material only while in the presence of the respective defendant's attorney(s), or any attorney(s), paralegal(s), legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case. The defendants' attorneys of record shall not permit their clients to review the Protected Material without said supervision, and they shall not permit their clients to copy or memorialize the Protected Material during any such review, nor shall they permit their clients to retain or store any of the Protected Material (or any copies thereof) following any such review.

9. Nothing in this Order shall restrict use by the defendants' attorneys of record of Protected Material during the defendants' investigation of the allegations and preparation of the defense or introduction of evidence at trial. However, while the defendants' attorneys may share Protected Material with witnesses and individuals outside of the defense team as necessary for the investigation and preparation of the defense in this case, they shall not allow said individuals to copy or memorialize the Protected Material during any such review, nor shall they permit said individuals to retain or store any of the Protected Material (or any copies thereof) following any such review.

10. The defendants' attorneys of record shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

11. Upon conclusion of this action, and consistent with the ethical responsibilities of defense counsel, the defendants' attorneys shall return to government counsel, or destroy and certify the destruction of, all Protected Material within a reasonable period of time, not to exceed thirty days after the last appeal from a motion pursuant to 28 U.S.C. § 2255 is final.

SO ORDERED.

March _____, 2022.
Alexandria, Virginia